1

2

3

4

5

6

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10

11

GEOVECTOR CORPORATION,

Plaintiff,

v.

SAMSUNG ELECTRONICS CO. LTD., et al.,

Defendants.

Case No.   16-cv-02463-WHO

**ORDER GRANTING MOTION TO STRIKE, STAYING DISCOVERY, AND GRANTING LEAVE TO AMEND**

Re: Dkt. No. 45

12

**INTRODUCTION**

13

Defendants Samsung International, Inc., Samsung Electronics Co., Ltd., Samsung

14 Electronics America, Inc., and Samsung Research America, Inc., (collectively "Samsung"), have

15 filed a Motion to Strike Infringement Contentions, Compel Supplementation of Patent Local Rule

16 3-2 Document Production, and Stay Discovery, arguing that plaintiff GeoVector Corporation

17 ("GeoVector")'s infringement contentions do not comply with the Patent Local Rules in various

18 ways and therefore do not put Samsung sufficiently on notice of GeoVector's infringement

19 theories.[1]  Motion ("Mot.") (Dkt. No. 45) at 15.  GeoVector responds that Samsung has been given

20 reasonable notice of its infringement contentions because it has outlined its general infringement

21 theories in its complaints and in discussions with counsel and that Samsung has demonstrated an

22 understanding of GeoVector's theories.  Opposition ("Oppo.") at 9-12 (Dkt. No. 51).  Argument is

23 unnecessary and I VACATE the hearing set on January 11, 2017.  After carefully considering the

24 briefs and filings in this case, I GRANT Samsung's motion to strike and GRANT GeoVector

25 leave to amend its direct and indirect infringement contentions as outlined below.

26

27

28

[1] In its motion Samsung also argued that GeoVector had failed to produce all documents required under Patent L.R. 3-2.  Mot. at 2.  However, because GeoVector represented in its opposition that it does not have any additional documents to produce, Samsung is no longer seeking to compel additional production.  Reply at 9.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

**BACKGROUND**

2      In this patent case GeoVector accuses Samsung of direct and indirect infringement of

3 GeoVector's patents related to augmented reality technology.  Second Amended Complaint

4 ("SAC") ¶ 2.  On November 2, 2016, GeoVector served its infringement contentions on Samsung.

5 Mot. at 2.  The infringement contentions assert infringement of Claims 1, 20, 22, and 23 of U.S.

6 Patent No. 6,037,936 ("the '936 Patent"); Claims 1-7 of U.S. Patent No. 7,301,536 ("the '536

7 Patent"); and Claims 1-18 of U.S. Patent No. 7,916,138 ("the '138 Patent").  *Id.*  They accuse a

8 number of Samsung products by naming particular products by name or model number, but also

9 accuse various groups and categories of Samsung products including (1) all Samsung "smart

10 phones" with a screen, camera processor, compass, and accelerator; (2) the Samsung Galaxy,

11 Galaxy S, Galaxy Note, and Galaxy Tab "product lines"; (3) all Samsung "tablets" shipped

12 between 2010 and 2013; and (4) all Samsung "phablets."  *Id.*  The contentions also accuse all

13 "augmented reality (AR) applications" but list only one third-party application, named Layar, in

14 the supporting claim charts.  *Id.* at 3.  The charts make reference to other AR applications, listed in

15 Exhibit B, but do not offer any explanation of how those AR applications work or how they

16 infringe the specific claim limitations.  GeoVector includes a single chart for each patent in suit,

17 each one listing dozens or hundreds of accused products.  *Id.*  For many of the claim limitations

18 GeoVector does not identify a specific component within a particular Samsung product that

19 infringes but instead uses general language to indicate that all accused products infringe the

20 limitation at issue.  *Id.*

21      On November 15, 2016, Samsung served a letter on GeoVector indicating Samsung's

22 position that the infringement contentions were deficient in an attempt to resolve the issues

23 without court intervention.  Mot. at 6.  Over the next few weeks, the parties made various attempts

24 to discuss the infringement contentions but were unable to resolve any issues.

25      Samsung filed this motion to strike on December 7, 2016.  It contends that GeoVector's

26 infringement contentions fail to comply with the Patent Local Rules for the following reasons: (1)

27 GeoVector's contentions do not provide sufficient specificity in identifying the accused products,

28 as required by L. R. 3-1(b); (2) GeoVector's contentions improperly combine hundreds of accused

1   products into three claim charts, in violation of L. R. 3-1(c); (3) GeoVector does not identify

2   where each asserted claim limitation is found within each accused instrumentality as required by

3   L. R. 3-1(c); (4) GeoVector's indirect infringement allegations contain only boilerplate and do not

4   meet the standard required by L. R. 3-1(d); and (5) GeoVector asserts the doctrine of equivalents

5   as an alternative theory without explanation in violation of L. R. 3-1(e).  Mot. at 9-13.  Samsung

6   contends that, as a result of these deficiencies, GeoVector's infringement contentions fail to put

7   Samsung on notice of GeoVector's theories of the case and the precise substance of its allegations.

8   Samsung therefore seeks an order striking GeoVector's Infringement Contentions and staying all

9   discovery directed to Samsung and the accused products, including the obligation to serve

10   invalidity contentions, until after GeoVector has served new infringement contentions that comply

11   with the local rules.  Mot. at 16.

12      In opposition, GeoVector argues that its infringement contentions comply with the local

13   rules because Samsung has been put on notice of what GeoVector's claims are.  Oppo. at 15.  It

14   notes that Samsung has demonstrated an understanding of GeoVector's claims in hearings and

15   meet and confers, asserts that Samsung is "well-aware of which of its devices contain GeoVector's

16   innovations," and argues that it will supplement its doctrine of equivalents contentions after

17   Samsung provides additional information about its devices through discovery.  *Id.* at 16-17.

18      In reply Samsung asserts that GeoVector fundamentally misunderstands the standard

19   required by the local rules.  Reply at 1 (Dkt. No. 52).  It notes that the local rules require a plaintiff

20   to compare a product to each asserted claim and apply each and every element and limitation of

21   the claim to that product.  *Id.*  Further, while a plaintiff is not required to reverse engineer a

22   product, it must provide a level of detail that would be obtained through reverse engineering or its

23   equivalent.  *Id.*  Samsung asserts that GeoVector's infringement contentions, which combine

24   hundreds of products together in three charts and mix and match different products to various

25   claims and limitations, does not comply with the local rules.  *Id.*

26                    **LEGAL STANDARD**

27      Patent Local Rule 3-1 requires:

28      [A] party claiming patent infringement shall serve on all parties a 'Disclosure of

United States District Court
Northern District of California

Asserted Claims and Infringement Contentions[]' . . . [which] shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party, including for each claim the applicable statutory subsections of 35 U.S.C. § 271 asserted;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware.  This identification shall be as specific as possible.  Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

(d) For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement.  Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described.

(e) Whether each limitation of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in the Accused Instrumentality.

"The overriding principle of the Patent Local Rules is that they are designed [to] make the parties more efficient, to streamline the litigation process, and to articulate with specificity the claims and theory of a plaintiff's infringement claims." *Bender v. Maxim Integrated Prods.*, No. 09-c-01152-SI, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (alteration in original) (internal citation omitted).  Patent Local Rule 3-1 is intended to require the plaintiff "to crystallize its theories of the case early in the litigation and to adhere to those theories once disclosed." *Bender v. Advanced Micro Devices, Inc.*, No. 09-c-1149-EMC, 2010 WL 363341, at *1 (N.D. Cal. Feb. 1, 2010).  It "takes the place of a series of interrogatories that defendants would likely have propounded had the patent local rules not provided for streamlined discovery." *Network Caching Tech., LLC v. Novell, Inc.*, No. 01-c-2079-VRW, 2002 WL 32126128, at *4 (N.D. Cal. Aug. 13,

United States District Court
Northern District of California

2002).

"[A]ll courts agree that the degree of specificity under Local Rule 3-1 must be sufficient to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement.'" *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (quoting *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000)).  The local rules do not "require the disclosure of specific evidence nor do they require a plaintiff to prove its infringement case . . . a patentee must nevertheless disclose what in each accused instrumentality it contends practices each and every limitation of each asserted claim to the extent appropriate information is reasonably available to it."  *DCG Sys. v. Checkpoint Techs., LLC*, No. 11-c-03792-PSG, 20112 WL 1309161, at *2 (N.D. Cal. Apr. 16, 2012).

## DISCUSSION

After reviewing the infringement contentions and the parties' briefs, I conclude that GeoVector's infringement contentions do not comply with a number of the Local Rules' requirements.

## I.   MOTION TO STRIKE

### A.  GeoVector's Contentions Fail to Provide Sufficient Specificity as Required by Patent Local Rule 3-1(b)

Patent Local Rule 3-1(b) requires a party asserting infringement to identify "[s]eparately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality . . . of which the party is aware.  This identification shall be as specific as possible. Each product, device, and apparatus shall be identified by name or model number, if known.  Each method or process shall be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process."  Patent L. R. 3-1(b).

Here, although GeoVector identifies some accused products by name or model number, it also states that these are "examples" of infringing products and also accuses (1) Samsung "smart phones" with a screen, camera, processor, compass, and accelerometer; (2) all "tablets" shipped between 2010 and 2013; the Samsung Galaxy, Galaxy S, Galaxy Note, and Galaxy Tab "product

lines"; (3) all "phablets"; and (4) all Augmented Reality applications that are like those expressly listed in Exhibit B to the infringement contentions.

Rule 3-1(b) does not permit parties to identify accused products by using categorical or functional identifications, or limited, representative examples. *See e.g.*, *Vigilos LLC v. Sling Media Inc.*, No. 11-c-04117-SBA (EDL), 2012 WL 9973147, at *4 (N.D. Cal. July 12, 2012) ("Plaintiff's general list of products by category or functionality is insufficient, and Plaintiff must provide a list of accused products."); *Oracle Am., Inc. v. Google Inc.*, No. 10-c-03561-WHA, 2011 WL 4479305, at *3 (N.D. Cal. Sept. 26, 2011) (The Patent Local Rules [do] not tolerate broad categorical identification like 'mobile devices running Android,' nor [do] they permit the use of mere representative examples. Representative examples may be a useful tool for proving an infringement case at trial, but a full list of accused products must be disclosed as part of a party's infringement contentions.").

GeoVector's attempt to identify products by broad category or functionality does not meet the specificity requirements of Local Rule 3-1(b).

## B. GeoVector Has Failed to Adequately Chart its Contentions Against the Accused Products

Patent Local Rule 3-1(c) requires an accusing party to provide "[a] chart identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality." Patent L. R. 3-1(c). Under this rule, the accusing party "must compare an accused product to its patents on a claim by claim, element by element basis for at least one of each defendant's products." *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-c-05808-HSG, 2015 WL 9023166, at *1 (N.D. Cal. Dec. 16, 2015). While under certain circumstances a plaintiff may use a single chart to chart a number of representative products, plaintiff must still, at a minimum, "chart a single product against all elements." *Cap Co. v. McAfee, Inc.*, No. 14-c-05068-JD, 2015 WL 4734951, at 2* (N.D. Cal. Aug. 10, 2015). A plaintiff does not satisfy this requirement by "mixing and matching between different accused products" in its claim charts, as "[i]nfringement cannot be shown by a muddled hash of elements from different products." *Id.*

GeoVector's infringement contentions fail to meet the requirements of Local Rule 3-1(c)

United States District Court
Northern District of California

United States District Court
Northern District of California

1    as they fail to chart a single Samsung product against all elements of GeoVector's patents.  For

2    example, in Claim 1 of the '938 Patent GeoVector identifies a long list of accused Samsung

3    products and product categories, including many smart phones, tablets, and phablets.  GeoVector

4    explains that the first limitation for Claim 1 is located "in the video capability of the devices,

5    together with the software and apps that operate that capability."  Infringement Contentions,

6    Exhibit A at 1 (Dkt. No 46-1).  It then explains that each infringing product has a computer and

7    lists the computer processors for some, but not all, of the accused products.  *Id.*  For Claim 1's

8    "field region" and "periphery" limitations, GeoVector does not list any Samsung product, but

9    instead explains that those limitations are found "in the Layar and other applications, such as those

10   listed in Exhibit B, which come pre-loaded on the infringing devices."  *Id.* at 9.  For the limitation

11   that the field region be "an area fractional portion of the display field" GeoVector does not offer

12   the location of this limitation in any product, only stating "The infringing devices contain displays

13   and software that can show each field region as a fraction of the display field, which is enclosed

14   by a periphery."  *Id.*  In this way, to map the limitations for Claim 1, GeoVector mixes and

15   matches elements of Samsung products, third-party applications, and sometimes fails to identify

16   any particular product at all.  This hodgepodge of different attributes from various different

17   accused products and third-party sources is insufficient to chart a single product against all

18   elements of Claim 1.

19        Further, while representative charts are sometimes permissible, "representative products

20   may only be charted 'when supported by adequate analysis showing that the accused products

21   share the same critical characteristics.' "  *Cap co.*, 2015 WL 4734951, at 2* (quoting *Network*

22   *Protection Sciences, LLC v. Fortinet, Inc.*, No. 12-c-01106-WHA, 2013 WL 5402089, at *3 (N.D.

23   Cal. Sept. 26, 2013).  "That analysis cannot just be based on the patentee's say-so." *Cap Co.*,

24   2015 WL 4734951, at 2*.  "[I]n order to rely on a claim that one accused product represents

25   another for purposes of Rule 3-1(c), a patentee must do more than state as much.  A patentee must

26   state how." *Silicon Labs., Inc. v. Cresta Tech. Corp.*, No. 14-c-03227-PSG, 2015 WL 846679, at

27   *2 (N.D. Cal. Feb. 25, 2015).

28        GeoVector has attempted to use a single chart for each patent to chart claims against

7

United States District Court
Northern District of California

1    hundreds of products.  Infringement Contentions, Exhibit A.  These products include various kinds

2    of cell phones, tablets, and phablets.  *Id.*  GeoVector does not offer any analysis why these

3    products, many of which are not even the same general type of product, can be charted

4    representatively except to conclusorily state that "the infringing devices contain" the various claim

5    limitations.  *See e.g.*, *id.* at 9. ("The infringing devices contain a combination of a computer vision

6    system and a graphical user interface.").  And, in some circumstances GeoVector admits that

7    certain products are not representative or do not meet certain claim limitations.  *See e.g.*, *id.* at 11

8    (noting that the Samsung Galaxy Nexus does not meet the planar image field limitation for Claim

9    20 of the '936 Patent).  GeoVector has failed to provide sufficient analysis to justify the use of

10   representative charts.

11        GeoVector does not chart a single Samsung product against every element of GeoVector's

12   asserted claims.  It therefore fails to meet the requirements of Local Rule 3-1(c).  Further, although

13   representative charts could be appropriate in this case, GeoVector must first chart at least one

14   product against every element of a claim and must offer analysis justifying why representative

15   charts are appropriate.  Because GeoVector has failed to do either of these things, its

16   representative charts do not meet Rule 3-1(c)'s requirements.

17        GeoVector's primary defense of its infringement contentions is that, based on

18   communications prior to the filing of this case, informal correspondence, and discussions among

19   counsel, Samsung already understands what its contentions are.  Whether Samsung's counsel

20   actually understands GeoVector's infringement contentions, based on outside information not

21   contained in the contentions themselves, is not relevant.  The Patent Local Rules require plaintiffs

22   to formulate their infringement contentions in particular ways to ensure they "crystalize their

23   theories of the case early in litigation and adhere to those theories once they have been disclosed."

24   *Finjan v. Proofpoint*, 2015 WL 1517920 at *1.  This is not only so that defendants can properly

25   respond to the claims against them, but "so that the Court can make a principled decision on

26   whether discovery will proceed."  *Bender v. Maxim Integrated Prods.*, 2010 WL 1135762 at *2.

27   Even if GeoVector is correct that Samsung understands its contentions, it must still formally

28   articulate these contentions in the proper format.  GeoVector's bare assertion that Samsung

1   understands its infringement contentions and so is "on notice" is not sufficient to meet Patent

2   Local Rule 3-1's substantial requirements.

3          GeoVector's direct infringement contentions do not meet the requirements of Patent Local

4   Rule 3-1(c).

5   **C. GeoVector's Indirect Infringement Contentions are Insufficient**

6          Patent Local Rule 3-1(d) requires a plaintiff to indicate "[f]or each claim which is alleged

7   to have been indirectly infringed, an identification of any direct infringement and a description of

8   the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement."

9   Patent L.R. 3-1(d).  GeoVector's infringement contentions assert that Samsung indirectly infringes

10  by "making, using and selling products that infringe the Patents-in-Suit, causing those products to

11  be manufactured and distributed, and providing instruction manuals for those products."

12  Infringement Contentions at 7.  It also asserts that Samsung "deliberately incorporated

13  technologies claimed in the GeoVector patents into their products, and provided these

14  technologies to a number of customers and third-party application developers through the

15  Samsung App Store." *Id.* at 8.

16         These vague allegations are insufficient to meet the requirements of Local Rule 3-1(d).

17  GeoVector must disclose how exactly Samsung indirectly infringed on GeoVector's patents.  *Cap*

18  *Co.*, 2015 WL 4734951, at *2-3 ("The fact that McAfee designs infringing software and that

19  others run it does not make McAfee an indirect infringer.  For example, induced infringement

20  requires evidence of 'intent to *encourage* infringement." );  *France Telecom, S.A. v. Marvell*

21  *Semiconductor, Inc.*, No. 12-c-04967-WHA (NC), 2013 WL 1878912, at *5 (N.D. Cal. May 3,

22  2013) (Contentions that defendant induced infringement by "designing the accused products . . .

23  and advertising or representing to third parties that the infringing products are compatible or

24  adapted for use within the United States" were insufficient and only a "bare-boned recitation of

25  the essential elements of a claim for indirect infringement.");  *Creagri, Inc. v. Pinnaclife Inc.,*

26  *LLC*, No. 11-c-06635-LHK (PSG), 2012 WL 5389775, at *5 (N.D. Cal. Nov. 2, 2012) (indirect

27  infringement contentions that asserted defendant used advertisements to promote the use of their

28  product in an infringing manner, but "fail[ed] to identify what advertisements and instructions lead

United States District Court
Northern District of California

9

1    to what infringing behavior" did not meet the standard of Local Rule 3-1(d)).  GeoVector's mere

2    assertion that Samsung produced infringing products and sold or promoted these products is

3    insufficient to meet Local Rule 3-1(d)'s requirements.

4           GeoVector argues that its indirect infringement contentions are sufficient because

5    "Samsung is on notice of the fact that its devices provide an augmented reality platform for app

6    developers and users of those apps" and "in this interconnected world with smartphones that help

7    people connect, it only stands to reason that apps on such devices enable indirect infringement."

8    Oppo. at 17.  It also states that it has offered to add cross references to Patent Rule 3-1(d) in its

9    infringement charts so this issue should already be resolved.  *Id.*  Neither of these arguments

10   impacts whether GeoVector's infringement contentions meet Rule 3-1(d)'s requirements.

11          GeoVector cannot rely on what it believes Samsung understands to support the sufficiency

12   of its infringement contentions: the infringement contentions must meet the Local Rules' objective

13   requirements.  GeoVector's assumption that "it only stands to reason that apps on [Samsung's]

14   devices enable indirect infringement" is wholly speculative and conclusory and does not disclose

15   how Samsung indirectly infringes.  Finally, GeoVector's offer to supplement the infringement

16   contentions is helpful, but supplements exchanged through informal correspondence or pleadings

17   cannot remedy insufficient infringement contentions.  GeoVector must supplement its actual

18   infringement contentions so that they comply with the Patent Local Rules.

19          GeoVector's indirect infringement contentions do not comply with Patent Local Rule 3-

20   1(d).

21          **D.  GeoVector's Doctrine of Equivalents Contentions Are Improper**

22          Patent Local Rule 3-1(e) requires plaintiffs to identify "[w]hether each limitation of each

23   asserted claim is alleged to be literally present or present under the doctrine of equivalents in the

24   Accused Instrumentality."  Patent L.R. 3-1(e).  Here GeoVector asserts that each claim limitation

25   is literally present or "[a]lternatively . . . present under the doctrine of equivalents."  Infringement

26   Contentions at 8.  This bare assertion is insufficient to satisfy Local Rule 3-1(e).  The doctrine of

27   equivalents does not exist "to give a patentee a second shot at proving infringement if it is not

28   literally present.  [Plaintiff] cannot merely add boilerplate language asserting that the doctrine of

United States District Court
Northern District of California

10

1    equivalents has been met as an alternative theory." *Creagri*, 2012 WL 5389775, at *6 (internal

2    quotation marks omitted).

3         GeoVector seems to concede that its doctrine of equivalents contentions are minimal, but

4    asserts it will supplement these contentions, if necessary, if "Samsung provides GeoVector with

5    added information about each Samsung smart device with any GPS system embedded in it,

6    including all the product information relating to those devices."  Oppo. at 17.  However,

7    GeoVector cannot assert a doctrine of equivalents contention based solely on information that may

8    be produced during discovery.  *InteraXon Inc. v. NeuroTek, LLC*, No. 15-c-05290-KAW, 2016

9    WL 5118267, at *2 (N.D. Cal. Sept. 21, 2016) ("It is improper to assert the doctrine of equivalents

10   with generic 'placeholder' language on the hope that future discovery might support such an

11   assertion.").  GeoVector's doctrine of equivalents contentions are improper.

12        GeoVector's doctrine of equivalents claims are stricken without leave to amend.  This

13   ruling does not impact GeoVector's right to seek leave to amend, after a showing of good cause,

14   under Patent Local Rule 3-6.

15   **II.  RELIEF**

16        **A.  Motion to Strike**

17        In this district, motions to strike initial infringement contents are frequently treated as

18   motions to compel amendment of the infringement contentions.  *FusionArc, Inc. v. Solidus*

19   *Networks, Inc.*, No. 06-c-06760 RMW (RS), 2007 WL 1052900, at *2 (N.D. Cal. Apr. 5, 2007)

20   ("Case precedent recognizes such 'motions to strike' as requests that plaintiffs be compelled to

21   *amend* their preliminary contentions to provide additional information."); *Blue Spike v. Adobe*

22   *Sys.*, 14-c-01647-YGR (JSC), 2015 WL 335842, at *4 (N.D. Cal. Jan. 26, 2015) ("Where

23   appropriate, courts treat a motion to strike as a motion to compel amendment to include additional

24   information infringement contentions.").  Here, Samsung seeks to strike GeoVector's infringement

25   contentions and allow GeoVector leave to amend only after successfully seeking leave from the

26   court and demonstrating good cause under local rule 3-6.  Mot. at 16.  However, "[s]triking a

27   patentee's infringement contentions is a severe sanction that should be used sparingly and only for

28   good cause."  *Finjan v. Proofpoint*, 2015 WL 9023166, at *12.  While some courts have required a

United States District Court
Northern District of California

United States District Court
Northern District of California

1    party asserting infringement to show good cause before being granted leave to amend initial

2    contentions, many have simply compelled the asserting party to file compliant infringement

3    contentions.  *Compare Theranos, Inc. v. Fuisz Pharma LLC*, No. 11-c-05236-YGR, 2012 WL

4    6000798, at \*6 (N.D. Cal. Nov. 30, 2012) (striking infringement contentions without leave where

5    asserting party made only vague allegations "on information and belief" and implicitly conceded

6    that it did not have any additional factual support for its claims), *with Bender v. Maxim Integrated*

7    *Prods.*, 2010 WL 1135762, at \*1 (Denying motion to strike and granting motion to compel

8    infringement contentions that comply with Patent Local Rule 3-1).  This is the first time Samsung

9    has moved to strike GeoVector's infringement contentions, and although the contentions are

10   clearly deficient, it appears that GeoVector may be able to remedy many of the identified issues

11   with amendment.  Striking GeoVector's infringement contentions with prejudice is not warranted

12   at this time.

13         However, there are some exceptions to this general ruling.  GeoVector will not be granted

14   leave to amend its doctrine of equivalents claims or to accuse products not explicitly listed in its

15   initial contentions.  If GeoVector wishes to accuse products not explicitly listed in its initial

16   infringement contentions or to reassert its doctrine of equivalents claims, it may only do so after

17   seeking leave and showing good cause under Patent Local Rule 3-6.

18         GeoVector is ordered to serve Amended Infringement Contentions, subject to the

19   limitations outlined above that comply with the Patent Local Rules by January 30, 2017.

20   **B.  Motion to Stay**

21         When a plaintiff's infringement contentions are insufficient to meet the requirements of the

22   Patent Local Rules, courts in this district often stay discovery, including a defendant's obligation

23   to serve invalidity contentions "[u]ntil plaintiff meets the burden of providing infringement

24   contentions compliant with Patent L.R. 3-1." *Infeneon Techs. v. Volterra Semiconductor*, No. 11-

25   c-06239-DMR, 2013 WL 322570, at \*5 (N.D. Cal. Jan. 28, 2013) (citations omitted).  Samsung's

26   discovery obligations are temporarily stayed pending GeoVector serving amended and compliant

27   infringement contentions.  Samsung must file its invalidity contentions by February 20, 2017.  The

28   discovery dates and deadlines in this case are adjusted as outlined in the following chart.

| Event | Prior Deadline | New Deadline |
|---|---|---|
| Date to Serve Amended Infringement Contentions | N/A | January 30, 2017 |
| Invalidity Contentions / Document Production Accompanying Invalidity Contentions | January 13, 2017 | February 20, 2017 |
| Exchange of Claim Construction Terms | January 27, 2017 | March 6, 2017 |
| Exchange Preliminary Constructions and Extrinsic Evidence | February 17, 2017 | March 27, 2017 |
| Joint Claim Construction and Prehearing Statement | March 3, 2017 | April 10, 2017 |
| Claim Construction Discovery Cut-Off | March 10, 2017 | April 17, 2017 |
| Plaintiff's Opening Claim Construction Brief | April 3, 2017 | May 11, 2017 |
| Defendants' Responsive Claim Construction Brief | April 17, 2017 | May 25, 2017 |
| Plaintiff's Reply Claim Construction Brief | April 24, 2017 | June 1, 2017 |
| Tutorial | May 5, 2017 | June 16, 2017 |
| Claim Construction Hearing | May 12, 2017 | June 23, 2017 |

## CONCLUSION

For the reasons outlined above, GeoVector's Infringement Contentions do not meet the

requirements of the Patent Local Rules and are stricken. GeoVector is ordered to file compliant

Amended Infringement Contentions by January 30, 2017. As outlined above, GeoVector is not

permitted leave to amend its doctrine of equivalents contentions or to accuse new products not

identified in its initial contentions. Should GeoVector wish to reassert its doctrine of equivalents

claims or accuse additional products it may do so only in accordance with Patent Local Rule 3-6.

Discovery, including Samsung's obligation to serve invalidity contentions, is stayed. Samsung

13

1   must serve its invalidity contentions by February 20, 2017.

2   **IT IS SO ORDERED**.

3   Dated: January 9, 2017

4   _____

    WILLIAM H. ORRICK
5   United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

14