UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEOVECTOR CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO. LTD., et al.,<br><br>Defendants. | Case No. 16-cv-02463-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS PARTS OF SECOND AMENDED COMPLAINT**<br><br>Re: Dkt. No. 49 |

## INTRODUCTION

At its core, this case is about the ownership of augmented reality technology. Plaintiff GeoVector Corporation ("GeoVector") asserts that Samsung's Galaxy smart phones and tablets infringe several of GeoVector's patents in the augmented reality field, and so it has filed suit against defendants Samsung International, Inc. ("SII"), Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA"), and Samsung Research America, Inc., ("SRA"), (collectively "Samsung"). Second Amended Complaint ("SAC") ¶¶ 4-8. GeoVector alleges direct and indirect patent infringement of its patents and brings misappropriation of trade secrets claims under California and New York Law. ¶¶145-163. Samsung prevailed on its initial motion to dismiss, and moves again to dismiss GeoVector's misappropriation claims on numerous bases, including that the statutes of limitations have run on these claims. There is no need for a hearing on this matter; it is VACATED and Samsung's motion is GRANTED. The statute of limitations has run on the misappropriation claims.

## BACKGROUND

### I. FACTUAL BACKGROUND

GeoVector is a California corporation founded in 1987 by inventor and computer scientist

John Ellenby, later joined by his sons Thomas and Peter Ellenby. SAC ¶ 25. In 1990, John, Thomas, and Peter Ellenby conceptualized an augmented reality device that "utilized data as to the device's position and orientation to display relevant information to the user" and which they believed had applications for navigation, video gaming, tourism, and advertising. *Id.* ¶¶ 27-28. Between 1993 and 2007, GeoVector applied for, and was awarded, 17 patents for augmented reality technologies. *Id.* ¶ 33. In 1998, GeoVector created the Little Guy prototype – "a hand-held pointing device that would use the same basic technology covered by the previously issued patents, but instead of viewing a super-imposed image, it would provide the user with relevant information about whatever location it was pointed at." *Id.* ¶¶ 45-46.

In December 2002, GeoVector met with Samsung for the first time and produced a confidential slide deck proposing that GeoVector technology could be incorporated into Samsung's handsets. *Id.* ¶ 56. The parties met a second time on July 19, 2006, in San Francisco, to discuss the possibility of integrating GeoVector technologies into Samsung's mobile devices. *Id.* ¶ 57. In August, 2006, GeoVector sent a confidential briefing to Samsung and on August 16, 2006, met with Samsung at its Headquarters in Seoul, South Korea, and produced a confidential set of slides detailing how "GeoVector enabled devices make existing location based contents more accessible through pointing as well as create a whole new genre of pointing enabled applications (with patent technology)." *Id.* ¶¶ 58-59. GeoVector and Samsung Telecommunications America, LLC[1] ("STA") entered into a mutual nondisclosure agreement on February 12, 2008. *Id.* ¶ 62.

GeoVector sent Samsung three different licensing and partnership proposals, the first on August 23, 2006, the second in September 2006, and a final proposal on April 8, 2008. *Id.* ¶¶ 60-63. Samsung did not accept any of GeoVector's proposals and never reached any licensing or partnership agreement with GeoVector.

Between 2009 and 2013, Samsung sold smartphones and tablets that GeoVector alleges infringe its patents-in-suit and incorporate GeoVector's trade secrets and augmented reality

---

[1] The entity STA no longer exists: it is survived by SEA.

1   technologies.  *Id.* ¶ 72.

2         In April, 2013, Gary Summers, a licensing professional, sent infringement letters and
3   detailed claims charts to Samsung notifying them of its infringement of GeoVector's patents. *Id.* ¶
4   65.  He requested that Samsung "get back to [him] as soon as possible to discuss very favorable
5   licensing terms under these inventions.  [GeoVector] is not interested in any form of enforcement
6   activity and would like to grant STA a similar license under the patents as those already granted to
7   other smart phone manufacturers." *Id.* ¶ 66.  Summers pressed Samsung again in May, 2013,
8   noting that he would "like to have an initial telephone call to discuss your review schedule and any
9   other questions you may have regarding out license/sale proposal." *Id.* ¶ 67.  A Samsung
10  representative responded by explaining that GeoVector's "portfolio is out for review by our teams.
11  I'm available this afternoon if you would like to discuss at a high level." *Id.*  Summers followed
12  up again in June with a letter, asking Samsung to review the presentation GeoVector had made to
13  Samsung in 2006. *Id.* ¶ 68.  On July 11, 2013 Samsung finally responded to Summers stating that
14  "At this time we are not interested in a license." *Id.* ¶ 69.

15        In December, 2013 Samsung filed a patent application for its 9,245,185 ('185) patent.  *Id.*
16  ¶ 106.  GeoVector alleges that this patent incorporates the expert analysis Summers provided to
17  Samsung in April, 2013.  *Id.*  It contends that it did not learn that Samsung had used this
18  information until the '185 patent was issued in January, 2016.  *Id.*

19  **II.    PROCEDURAL BACKGROUND**

20        GeoVector filed its complaint in this case on May 5, 2016.  Dkt. No. 1.  It filed its First
21  Amended Complaint on June 7, 2016, alleging patent infringement, trade secret misappropriation,
22  a Lanham Act violation, and a RICO violation.  Dkt. No. 7.  Samsung moved to dismiss
23  GeoVector's non-patent-infringement claims on September 2, 2016, arguing that these claims
24  were either barred by various statutes of limitations or were not cognizable against Samsung. Dkt.
25  No. 14.  In a November 10, 2016 Order I granted Samsung's motion, with leave to amend.  With
26  regard to the statute of limitations problem regarding GeoVector's misappropriation claim I stated
27  the following:

28        GeoVector contends that Samsung lulled it into not filing suit by falsely leading it

> to believe that Samsung would enter a commercial relationship with GeoVector. However, it cites only the negotiations between GeoVector and Samsung that took place between 2002 and 2008 as evidence of this misleading behavior. It has not alleged that Samsung made any representations after 2008 or otherwise gave GeoVector reason to believe it intended to license GeoVector's technology. Since GeoVector did not file its case until May 5, 2016, for its claim to survive under the doctrine of equitable estoppel it must be able to successfully argue that it reasonably relied on Samsung's 2008 representations up until May 5, 2013, three years before it filed suit. GeoVector has failed to make this case.

Dkt. No. 41 at 5 (internal citations omitted).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). A claim is facially plausible when the plaintiff pleads facts that "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id.* While courts do not require "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *See Twombly*, 550 U.S. at 555, 570.

In deciding whether the plaintiff has stated a claim upon which relief can be granted, the Court accepts the plaintiff's allegations as true and draws all reasonable inferences in favor of the plaintiff. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). However, the court is not required to accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

Federal Rule of Civil Procedure 9(b) imposes a heightened pleading standard where a complaint alleges fraud or mistake. Under FRCP 9(b), to state a claim for fraud, a party must plead with particularity the circumstances constituting the fraud, and the allegations must be specific enough to give defendants notice of the particular misconduct . . . so that they can defend

against the charge and not just deny that they have done anything wrong." *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir.2009) (citation omitted). "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003) (citation omitted).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). In making this determination, the court should consider factors such as "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment." *See Moore v. Kayport Package Express*, 885 F.2d 531, 538 (9th Cir.1989).

## DISCUSSION

Samsung moves to dismiss GeoVector's trade secrets and misappropriation claims arguing that (1) the New York common law claim is duplicative and preempted by the California Uniform Trade Secrets Act ("CUTSA") claim; (2) the claims are both barred by the statute of limitations; and (3) GeoVector has failed to plead sufficient facts to show the existence of a trade secret. Because both of GeoVector's misappropriation claims are barred by their statutes of limitations, they must be dismissed.

I.  **STATUTES OF LIMITATIONS**

A CUTSA claim for misappropriation "must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this section, a continuing misappropriation constitutes a single claim." Cal Civ. Code § 3426.6.

A New York common law misappropriation claim is also subject to a three year statute of limitations. N.Y. C.P.L.R § 214(4). New York follows a traditional accrual rule, and the three year statute of limitations begins to run "either when defendant discloses the trade secret or when he first makes use of plaintiff's ideas." *Synergetics USA, Inc. v. Alcon Labs., Inc.*, No. 08-cv-3669, 2009 U.S. Dist. LEXIS 58899, at *6 (S.D.N.Y. July 9, 2009). The statute of limitations may

be extended under the continuing tort doctrine, if the defendant keeps the confidential information secret while continuing to use it for commercial advantage. *Id.* However, if the defendant "discloses the secrets revealed to him, there can be no continuing tort of unlawful use." *Lemelson v. Carolina Enterprises, Inc.*, 541 F. Supp. 645, 659 (S.D.N.Y. 1982). If the plaintiff had knowledge of the defendant's misappropriation and use of its trade secret, the continuing tort doctrine does not apply. *M&T Chems., Inc. v. Int'l Bus. Mach. Corp.*, 403 F. Supp. 1145, 1150 (S.D.N.Y. 1975).

GeoVector alleges that Samsung misappropriated its confidential information and trade secrets, which Samsung obtained through confidential meetings with GeoVector between 2000 and 2008, "to create its own competing products using GeoVector's augmented reality and pointing search technologies." SAC ¶ 151. It contends that Samsung began selling technology incorporating its confidential trade secrets in 2009. *Id.* ¶ 72. It notes that in April, 2013, it sent letters and claims charts to Samsung asserting that Samsung's products infringed GeoVector's patented augmented reality technology and seeking a licensing agreement. *Id.* ¶ 65.

Samsung contends that the statute of limitations has run on GeoVector's CUTSA and New York common law claims because it (1) knew or should have known of Samsung's alleged incorporation of the allegedly confidential information into their patents and products by 2009, and (2) had actual knowledge no later than April 2013. Motion to Dismiss ("Mot.") at 11 (Dkt. No. 49). GeoVector makes two primary arguments in response: (1) the statute of limitations was tolled because Samsung "lulled and continued to lull Plaintiff into the view that they would eventually obtain appropriate assignments, licenses, or other permission or authorizations from Plaintiff"; SAC ¶ 153, and (2) there is no statute of limitations problem because Samsung misappropriated its confidential information in 2013. Oppo. at 8. Both of these arguments fail.

### A.     Equitable Tolling

The doctrine of equitable estoppel applies to toll a statute of limitations when "a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir. 1990). Equitable estoppel is not appropriate if the party claiming estoppel fails to establish that their reliance was "reasonable."

*Id.*

GeoVector alleges that Samsung began publicly selling products containing GeoVector's innovations in 2009 and concedes that it had actual knowledge of this alleged misappropriation by at least April, 2013. It contends that Samsung lulled it into not filing suit by falsely leading it to believe that Samsung would enter a commercial relationship with it. Oppo. at 8 (Dkt. No. 55). GeoVector unsuccessfully made this argument when defending its First Amended Complaint. In my prior order, I noted that GeoVector pointed only to negotiations that took place between 2002 and 2008 to support its claim that Samsung lulled it into not filing suit. Dkt. No. 41 at 5. I explained that these allegations were insufficient because GeoVector needed to show that it reasonably relied on Samsung's statements or representations up until May, 2013. *Id.* GeoVector alleged no facts suggesting that it would have been reasonable for it to continue to rely on Samsung's representations from 2008 for five years, despite no further communications or negotiations between the parties during that time. *Id.*

Now, GeoVector contends that Samsung engaged in additional misleading behavior in 2013 after GeoVector's licensing professional, Summers, contacted Samsung about its alleged infringement, and sought a licensing deal. Oppo. at 8. GeoVector describes a "negotiation" in which Summers made several attempts to engage Samsung in licensing discussions and Samsung responded by (1) informing Summers that the materials were being reviewed; and later (2) politely informing GeoVector that it was not interested in licensing their technology "at this time." SAC ¶ 69. GeoVector contends that the obvious implication of the phrase "at this time" is that "at a future time Samsung could be interested in purchasing GeoVector's innovations." *Id.*

GeoVector has failed to allege any statements or conduct on the part of Samsung that would justify its failure to bring suit. The new facts it has alleged with regard to the 2013 "negotiation" show only that GeoVector was still interested in licensing its product in 2013: they do not support the claim that Samsung "lulled it into not filing suit." In fact, it is clear that Samsung was uninterested in a licensing deal by 2013. Despite repeated efforts by Summers to engage Samsung in a licensing discussion Samsung only responded to cordially inform Summers that it was reviewing the materials and then to inform Summers that it was not interested in any

licensing agreement. GeoVector's characterization of the phrase "at this time" to be a representation that Samsung intended to license GeoVector's products in the future is implausible. "At this time" is a common linguistic nicety used to soften rejections. In the context of Samsung's brief, disinterested, communications with Summers it is clear that Samsung's use of the phrase was of this kind, and not a calculating misrepresentation aimed at lulling GeoVector into not filing suit.

GeoVector has still failed to point to any statements of conduct on the part of Samsung, after 2008, that would have reasonably led GeoVector to believe that Samsung intended to enter a licensing deal and which would justify GeoVector's failure to bring suit until May 5, 2016. Equitable tolling is not appropriate.

### B.     Samsung Misappropriated GeoVector's "expert analysis" in 2013

GeoVector argues that its claim is not time barred because Samsung misappropriated the confidential claims charts prepared by Summers in April, 2013 and used this information in its '185 patent application filed in December, 2013. It notes that it did not discover this misappropriation until 2016 when the '185 patent was published. This argument fails because GeoVector has not alleged plausible facts to show that the '185 patent application appropriates any information from the claims charts, or that the claims charts constitute trade secrets.

Samsung first notes that the '185 patent is virtually identical, and claims priority to, a Korean patent it filed on December 3, 2012, before Summers sent his claims charts. Reply at 10; *compare* '185 Patent (Dkt. No. 57-1), *with* Certified Translation of Korean Unexamined Patent 10-2014-0070990 (Dkt. No. 57-3)[2]. Review of these documents confirms that the '185 patent is

---

[2] Samsung requests that I take judicial notice of the '185 patent, the Korean Patent Application, and the certified translation of the Korean Patent Application. Reply at 10 n.53. I may properly consider the '185 patent as it is incorporated by reference in the complaint. *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment."). Similarly, because the '185 incorporates, and claims priority to the Korean Patent, I may also consider the Korean Patent as incorporated by reference in the complaint. *Id.* The Korean Patent is also the proper subject of judicial notice as it is part of a publicly available government record. *Lamont v. Time Warner, Inc.*, No. 12-cv-8030, 2012 WL 5248061, at *2 n.2 (C.D. Cal. Oct. 19, 2012) (granting request for judicial notice of documents related to foreign patent application because "they are all publicly available court and government records"). Finally, I take judicial

virtually identical to the Korean Patent Application. If the '185 patent is functionally an English version of the Korean Patent, filed in December, 2012, it cannot be based on the expert analysis included in the claims charts sent to Samsung in April, 2013.

Samsung also notes that GeoVector has failed to identify any trade secrets included in the claims charts. It explains that Summers's "expert analysis" consists entirely of descriptions of Samsung's products and how they allegedly infringe GeoVector's patents. Reply at 10. Indeed, the claims charts, attached as Exhibit 16 to the Second Amended Complaint, confirm this. Dkt. No. 42-1 at 255.

In its Second Amended Complaint GeoVector attempts to explain how Samsung misappropriated the confidential information in these claims charts: "Samsung has used the confidential high-quality expert analysis of augmented reality innovations GeoVector provided to Samsung to file or otherwise prosecute those patent applications. With that analysis, Samsung better understood augmented reality principles, the use of those principles in devices, and the patent process for protecting those innovative principles." SAC ¶ 106. GeoVector is arguing that its expert-analysis, explaining how Samsung's own products work and infringe GeoVector's patents, constitutes GeoVector's trade secrets. This argument does not hold up.

It is implausible that a claims chart outlining how Samsung's own products work, prepared by GeoVector, would help Samsung "better underst[and] augmented reality principles, the use of those principles in devices, and the patent process for protecting those innovative principles." It is equally implausible that this explanation would somehow constitute a GeoVector trade secret. As Samsung points out, Summers's claims chart fails to meet the requirements of a "trade secret" under both California and New York law. Under California law, a trade secret must derive independent economic value "from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use." Cal. Civ. Code § 3426.1(d)(1).

---

notice of the certified translation of the Korean Patent Application. *Garcia v. Guo*, No. 15-cv-1862, 2016 WL 102213, *3 (C.D. Cal. Jan. 7, 2016) ("In general, court have taken judicial notice of certified translations of material relied upon by the Complaint, but in situation where the authenticity of the document is not at issue."). GeoVector relies on the '185 patent, which incorporates by reference the Korean Patent Application. The authenticity of these documents is not in dispute.

Summers's analysis of how Samsung's own products work fails to meet this standard because Samsung was clearly already aware of how its own products work – they had been manufacturing, selling, and patenting their technologies for several years – prior to reviewing Summers's analysis. Similarly, the claims charts cannot constitute a trade secret under New York law, which has defined a trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives the owner an opportunity to obtain an advantage over competitors who do not know or use it." *Alexander Interactive, Inc. v. Leisure Pro Ltd.*, No. 14-cv-2796, 2014 WL 4651942, *4 (S.D.N.Y. Sept. 16, 2014). Again, the claims charts fail to meet this definition because Samsung clearly knew how its own products functioned and used augmented reality technology prior to reviewing Summers's chart. Additionally, GeoVector has not indicated that it used the claims chart in its own business or that the information contained in it, regarding Samsung's products, offered it some kind of competitive advantage.

GeoVector's claim that Samsung misappropriated the information contained in Summers's claims chart in its '185 patent application is not supported by plausible allegations. GeoVector has only vaguely alleged that Samsung appropriated the analysis from Summers's claims charts and used this information to prepare its '185 patent application. This bare assertion is belied by the fact that the '185 is nearly identical to a 2012 Korean patent. Further, the information contained in Summers's claim chart, analysis of Samsung's own products, does not meet the definition of a "trade secret" under either California or New York law. GeoVector has failed to show that Samsung misappropriated its trade secrets in 2013.

The facts alleged demonstrate that GeoVector should have known of Samsung's alleged misappropriation in 2009, when Samsung started publicly selling and advertising devices that GeoVector alleges contain its confidential trade secrets. The facts also demonstrate that at a minimum, GeoVector had actual knowledge of Samsung's alleged misappropriation by April, 2013, when Summers sent claims charts to Samsung and sought to renew licensing negotiations. GeoVector has failed to show that equitable tolling applies or that Samsung engaged in any new misappropriation in 2013. GeoVector's California and New York misappropriation of trade secret claims are barred by their respective statutes of limitations.

**CONCLUSION**

As outlined above, GeoVector's third and fourth claims, alleging misappropriation of trade secrets under California and New York law are barred by their respective statutes of limitations, and Samsung's motion to dismiss is GRANTED. GeoVector has previously had an opportunity to amend its misappropriation claims to resolve the statute of limitations problem. As it appears that GeoVector cannot allege any additional facts to save these claims, and further amendment would be futile, these claims are dismissed WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: February 14, 2017

William H. Orrick
United States District Judge